1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
CRAIG L. DUNKIN, SB# 149422
2 |   E-Mail: Craig.Dunkin@lewisbrisbois.com
633 West 5th Street, Suite 4000
3 | Los Angeles, California 90071
Telephone: 213.250.1800
4 | Facsimile: 213.250.7900

5 | Attorneys for Defendant, STEAK N
SHAKE INC.

6 |

7 |

8 |                    UNITED STATES DISTRICT COURT

9 |         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10 |

11 | KEVIN LOPEZ,                          | Case No.

12 |              Plaintiff,               | **DEFENDANT STEAK N SHAKE**
**INC.'S NOTICE OF REMOVAL TO**
13 |      vs.                              | **THE UNITED STATES DISTRICT**
**COURT FOR THE CENTRAL**
14 | STEAK N SHAKE INC., and DOES 1        | **DISTRICT OF CALIFORNIA**
to 50, inclusive,                        | **UNDER 28 U.S.C. SECTIONS 1332,**
15 |                                       | **1441 AND 1446 (DIVERSITY**
             Defendants.                  | **JURISDICTION)**
16 |

17 |                                       | Trial Date:        None Set

18 |      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

19 | **THE CENTRAL DISTRICT OF CALIFORNIA:**

20 |      PLEASE TAKE NOTICE that Defendant STEAK N SHAKE INC. ("Steak N

21 | Shake"), by its counsel LEWIS BRISBOIS BISGAARD & SMITH, LLP, hereby

22 | removes to this court, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, based on

23 | diversity of citizenship, the claims pending as Case No. 21STCV36201 of the

24 | Superior Court of California, County of Los Angeles (Central District).

25 |      In support of this removal, Steak N Shake states as follows:

26 |                    **THE REMOVED CASE**

27 |      1.      The removed case is a civil action commenced in the Superior Court of

28 | California, County of Los Angeles by Plaintiff Kevin Lopez against Defendant Steak

4875-9069-1337.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

N Shake Inc., entitled *Kevin Lopez v. Steak N Shake Inc.*, Case No. 21STCV36201. (the "State Action"). Steak N Shake is the named Defendant.

2.      Plaintiffs filed the State Action on October 1, 2021, asserting premises liability and general negligence claims against Steak N Shake based on an incident that occurred on October 8, 2019 at 1455 3rd Street Promenade, Santa Monica, California 90401.

## PROCEDURAL REQUIREMENTS

3.      28 U.S.C. section 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4.      Steak N Shake has thirty (30) days from the date of service or receipt "of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Steak N Shake first received a copy of the summons and complaint in this action on December 13, 2021. (Declaration of Craig L. Dunkin ("Dunkin Decl.") ¶ 2.) This Notice of Removal is therefore timely filed.

5.      Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders for the State Action in Steak N Shake's possession are contained in **Exhibit A** filed herewith.

6.      Pursuant to 28 U.S.C. section 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

7.      Pursuant to 28 U.S.C. section 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of same in this Court.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8.    Pursuant to 28 U.S.C. section 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9.    Consistent with Congress's intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ("This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are 'hazardous' . . . . A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect."). Thus, if any question arises as to the propriety of this removal, Steak N Shake requests the opportunity to amend this notice of removal following any necessary discovery, briefing, and oral argument.

10.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Steak N Shake's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## DIVERSITY OF CITIZENSHIP EXISTS

11.    The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides in with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation, on

4875-9069-1337.1

3

DEFENDANT STEAK N SHAKE INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   the other hand, is deemed to be a citizen of any State by which it has been incorporated

2   and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

3       12.   A case is removable on diversity grounds if diversity of citizenship can

4   be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in

5   pleadings, motions or papers "from which it may first be ascertained that the case is

6   one which is or has become removable …."  28 U.S.C. § 1446(b)(3).

7       13.   Upon information and belief, at the time this action was commenced,

8   Plaintiff was a citizen of California.  The incident is alleged to have occurred in Santa

9   Monica, County of Los Angeles, State of California.

10      14.   Steak N Shake is, and was at the time Plaintiffs commenced this action,

11  a corporation organized under the laws of the State of Indiana with its principal place

12  of business in Indiana.  This Court can take judicial notice of these facts.  This

13  information is located in the Corporate – Statement of Information on file with the

14  California Secretary of State and can be found at

15  https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=02416648-28345407.

16  The document is attached as **Exhibit B** to Dunkin Decl.; *see also* Fed. R. Evid.

17  201(b)(2) (courts may judicially notice facts that "can be accurately and readily

18  determined from sources whose accuracy cannot reasonably be questioned.").

19      15.   As of October 1, 2021, when this action was commenced in state court,

20  complete diversity existed as to the parties, and continues to exist as of the date of this

21  filing.  "Doe" defendants may be ignored for removal purposes.  *See Salveson v.*

22  *Western State Bank Card Ass'n*, 731 F.2d 1423 (9th Cir. 1984).

23      16.   For the reasons stated above, there is diversity of citizenship between

24  Plaintiffs, a California citizen, and Defendant Steak N Shake, a citizen of Indiana.

25  <u>**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**</u>

26      17.   The removing party's initial burden is to "file a notice of removal that

27  includes 'a plausible allegation that the amount in controversy exceeds the

28  jurisdictional threshold.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.

2   547, 554 (2014)).  "By design, § 1446(a) tracks the general pleading requirement

3   stated in Rule 8(a)" which requires only that the grounds for removal be stated in a

4   "short and plain statement." *Dart*, 135 S. Ct. at 553.

5        18.   Generally, a federal district court will first "consider whether it is

6   'facially apparent' from the complaint that the jurisdictional amount is in

7   controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal

8   citation omitted).  But a defendant may remove a suit to federal court notwithstanding

9   the failure of the plaintiff to plead the required amount.  Absent the facial showing

10   from the complaint, the court may consider facts averred in the removal petition.  *Id.*

11   Next, if the defendant's allegations regarding the amount in controversy is challenged,

12   then "both sides submit proof and the court decides, by a preponderance of the

13   evidence, whether the amount-in-controversy requirement has been satisfied."

14   *Ibarra*, 775 F.3d at 1195.  At that time, "it may be appropriate to allow discovery

15   relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691

16   (internal citation omitted); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th

17   Cir. 2010) (holding that the amount in controversy is an estimate of the amount in

18   dispute, rather than an assessment of the defendant's potential liability, and vacating

19   the District Court's order to remand the case to state court); *Spivey v. Vertrue, Inc.*,

20   528 F.3d 982, 986 (7th Cir. 2008) (once the party seeking federal jurisdiction provides

21   plausible explanation for how the amount in controversy is met, the matter should

22   remain in federal court unless it is legally impossible for plaintiff to recover that much

23   and reversing District Court's decision to remand the case to state court).

24        19.   Steak N Shake can demonstrate that the amount in controversy exceeds

25   $75,000 under the "preponderance of the evidence" standard.  *See Guglielmino v.*

26   *McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The standard requires only

27   that the removing party present evidence that "it is more likely than not" that the

28   amount in controversy is satisfied.  *Id.*

DEFENDANT STEAK N SHAKE INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT
COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1332, 1441 AND
1446 (DIVERSITY JURISDICTION)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

20.    ***The amount in controversy in this action exceeds $75,000, exclusive of interest and costs*** (*see* 28 U.S.C. § 1332), ***for the following reasons***:

(i)    Plaintiff's Complaint states that the action is "Unlimited Civil Case" such that the amount demanded exceeds $25,000.

(ii)    Plaintiff's Complaint seeks wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity.

(iii)    Plaintiff's Complaint further alleges, "Plaintiff has been hurt in his health, strength, and activity, sustaining injuries and damages to his person and nervous system, all to his detriment. All damages recoverable under the law."

21.    Thus, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Based on the foregoing, all requirements for diversity jurisdiction and removal jurisdiction have been met.

## **CONCLUSION**

22.    Consequently, the State Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. section 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED: January 12, 2022    CRAIG L. DUNKIN
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
CRAIG L. DUNKIN
Attorneys for Defendant, STEAK N
SHAKE INC.



DEFENDANT STEAK N SHAKE INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

# FEDERAL COURT PROOF OF SERVICE
Kevin Lopez v. Steak N Shake
LASC Case No. 21STCV36201  (37086-47)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 12, 2022, I served the following document(s):  DEFENDANT STEAK N SHAKE INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Matthew K. Joy
The Dominguez Firm, LLP
3250 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Tel: 213.388.7788  Fax: 213.201.8208
Email: mjoy@dominguezfirm.com
Attorneys for Plaintiff, KEVIN LOPEZ

The documents were served by the following means:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(BY COURT'S CM/ECF SYSTEM)**  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 12, 2022, at Los Angeles, California.

_____
Lisa Uribe

4875-9069-1337.1

1

DEFENDANT STEAK N SHAKE INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)