UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-0266-SVW | Date | April 20, 2022 |
|---|---|---|---|
| Title | Kevin Lopez v. Steak N Shake | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING UNOPPOSED MOTION TO REMAND [17]

Before the Court is an unopposed motion to remand filed by Plaintiff Kevin Lopez. Plaintiff challenges Defendant Steak N Shake's ("Defendant") claim that the amount in controversy exceeds $75,000. *See* Mot. at 4.

Where the complaint does not include a particular damages figure, the removing defendant must demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Here, Defendant removed the case because Plaintiff's claimed damages exceeded $25,000 as an unlimited civil case, *see* Cal. Civ. Proc. Code ¶ 88, and because "Plaintiff's Complaint seeks wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity." *See* Not. Removal, ¶ 20.

This allegation, "although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy" exceeds [$75,000]." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original) (citation omitted).

Moreover, Plaintiff filed a stipulation clarifying that the amount in controversy does not exceed $75,000. *See* ECF No. 21. Though remand is improper where a plaintiff stipulates to a reduced amount in controversy to defeat diversity jurisdiction, *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), Plaintiff's complaint and stipulation—along with Defendant's notice of removal—indicate the lack of any basis for Defendant to invoke federal jurisdiction. *See Gillette v. Peerless Ins. Co.*, No. CV 13-03161 DDP RZX, 2013 WL 3983872, at *4 (C.D. Cal. July 31, 2013).

For these reasons, Plaintiff's motion to remand is GRANTED.

**IT IS SO ORDERED.**

:

Initials of Preparer

PMC